UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 20-62WES |
| v. | |
| BERNARD KLEIN | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF A RESTITUTION ORDER

Pursuant to 18 U.S.C. §§ 3663A and 3664, the United States of America, moves the Court for entry of an Order of Restitution providing for the following:

1. Restitution in the amount of $626,355.51 payable to Massif, 498 Oak Street, Ashland, OR 97520, which represents the profits lost by Massif from the defendant's sale of counterfeit Massif products to Ramin Kohanbash.

2. Restitution in the amount of $48,000 payable to United, 376 Dry Bridge Road, E-1, North Kingstown, RI 02852, which represents the profits lost by United from the defendant's sale of counterfeit United products to Ramin Kohanbash.

3. Restitution in the amount of $1,943,679.47 payable to Polartec, LLC, 300 Brickstone Square, 4th Floor, Andover, MA 01810, which represents the profits lost by Polartec from the defendant's sale of counterfeit Polartec products to Ramin Kohanbash.

4. Restitution in the amount of $17,575.74 payable to Insect Shield LLC, 814 West Market Street, Greensboro, NC 27401, which represents the profits lost by Insect Shield from the defendant's sale of counterfeit Insect Shield products to Ramin Kohanbash.

5. Restitution in the amount of $91,188 payable to Nextec Applications, Inc., 3624 Lake Ridge Road, Fallbrook, CA 92028, which represents the profits lost by Nextec from the defendant's sale of counterfeit Nextec products to Ramin Kohanbash.

The parties are in the process of negotiating an agreed upon Order of Restitution which would provide for an entry of an order in the amounts specified above, see 18 U.S.C. § 3664(f)(1)(A), but may apportion liability based on the defendant's economic circumstances and willingness to make a lump sum payment. See generally 18 U.S.C. § 3664(f)(3) and (h).   In the event the parties do not reach an agreement, the government intends to prove restitution in the amounts specified above by a preponderance of evidence.   The government will satisfy its burden at an evidentiary hearing as follows:

1. Testimony of Special Agent Amy Mousseau.

Agent Mousseau is expected to testify that during her search of emails and Whatsapp communications between the defendant and Ramin Kohanbash ("Kohanbash") she located communications in which the two discuss the appearance of garments and labels for the five victims' products that the defendant and Kohanbash counterfeited in China.   At the hearing, the government would introduce those communications, which are attached to this memorandum as Exhibits 1 – 5.

Agent Mousseau is also expected to testify that she searched Kohanbash's QuickBooks accounting records for the quantity of the victims' products purchased by Kohanbash from the defendant.   She provided those numbers to the victims who in turn calculated their lost profits on those sales.   Their calculations have already been submitted to the Court as sealed Exhibits 2 – 6 offered in support of the Government's Response to Defendant's Motion to Dismiss Restitution Hearing (ECF Dkt. #63).

Agent Mousseau is expected to testify that Kohanbash's QuickBooks records are

2

corroborated by the bank records obtained as part of the investigation. Kohanbash's bank records establish that Kohanbash paid the defendant approximately $11.1 million, which is approximately the amount he had to pay the defendant according to Kohanbash's QuickBooks records. She is also expected to testify that Kohanbash's QuickBooks records are corroborated to a large extent by the defendant's QuickBooks records for the time period for which the defendant had records. Thus, the government maintains that the quantities of goods purchased by Kohanbash from the defendant per Kohanbash's QuickBooks records are an accurate and reliable estimation of the victims' lost sales.

2. The Victims' Affidavits.[1]

At a restitution hearing, the government also anticipates introducing affidavits and calculations provided by the victims in support of their requests for restitution. As already stated, Exhibits 2 – 6 offered in support of the Government's Response to Defendant's Motion to Dismiss Restitution Hearing (ECF Dkt. #63) reflect the victims' calculation of lost profits on the sales of counterfeit goods by the defendant to Kohanbash. After the last hearing, the government asked the victims to provide affidavits setting forth a more detailed explanation as to how they calculated lost

---

[1] After the most recent hearing, Agent Mousseau asked each of the victims to submit an affidavit explaining how they calculated lost profits. In response to this latest request for information, the Vice President of Finance for Victim Insectshield said that this was a busy time for the business and that he could not continue to provide information in support of the restitution request beyond what he had already provided to the government.

3

profits.    The government intends to introduce these affidavits in support of the victims' restitution request; however, the victims ask that their affidavits and their lost profits calculations be sealed for proprietary reasons.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its Attorney,

        ZACHARY A. CUNHA
        United States Attorney

        /s/ Sandra R. Hebert
        SANDRA R. HEBERT
        Assistant U.S. Attorney
        U.S. Attorney's Office
        50 Kennedy Plaza, 8th FL
        Providence, RI 02903
        Tel (401) 709-5000
        Fax (401) 709-5001
        Email:   sandra.hebert@usdoj.gov

## **CERTIFICATE OF SERVICE**

  On this 9th day of March 2022, I filed the above Memorandum in Support of Motion for Entry of Restitution Order using the Court's electronic filing system.

            /s/ Sandra R. Hebert
            SANDRA R. HEBERT
            Assistant U.S. Attorney
            U.S. Attorney's Office
            50 Kennedy Plaza, 8th FL
            Providence, RI 02903
            Tel (401) 709-5000
            Fax (401) 709-5001
            Email:   sandra.hebert@usdoj.gov